# STATE OF MICHIGAN

# COURT OF APPEALS

SARAH DULEY,

      Appellee,

v

ACTIVE COMMUNITY NURSING LLC,

      Appellant,

and

DEPARTMENT OF LICENSING AND
REGULATION, UNEMPLOYMENT
INSURANCE AGENCY,

      Respondent.

UNPUBLISHED
January 22, 2015

No. 317998
Bay Circuit Court
LC No. 13-003218-AE

Before: MURPHY, P.J., and METER and SERVITTO, JJ.

PER CURIAM.

Appellant Active Community Nursing LLC (ACN) appeals by leave granted[1] an order of the circuit court reversing a decision of the Michigan Compensation Appellate Commission (MCAC) and ordering that appellee Sarah Duley be considered eligible for unemployment benefits. We reverse and reinstate the final decision of the MCAC.

Appellee worked for ACN as its office manager. On the order of her doctor, appellee began maternity leave in November 2009. She apparently attended to some of her duties while at home. After certain meetings in March 2010, appellee ceased working for ACN. Appellee and ACN disputed whether appellee voluntarily left employment. The Grand Rapids Unemployment Bureau determined that appellee voluntarily quit her job and was thus disqualified for benefits. It subsequently issued a redetermination affirming that decision. Appellee requested an administrative hearing, and after taking evidence the hearing referee

---

[1] *Duley v Active Community Nursing LLC*, unpublished order of the Court of Appeals, issued March 3, 2014 (Docket No. 317998).

-1-

affirmed the redetermination order and disqualified appellee under the voluntary leaving provisions of MCL 421.29(l)(a).

Appellee appealed to the board of review. The board concluded that the hearing referee "incorrectly placed the initial burden of proof on the claimant." The board noted that the hearing referee "did not make a credibility finding" and that "the evidence is evenly balanced," and concluded that "the employer did not meet its burden of establishing that the claimant left work under Section 29(1)(a)." ACN thereafter moved for rehearing. The MCAC (formerly the board of review, see Executive Order 2011-6, ¶ I(A), (B)(2)) granted the application, reversed its earlier decision, and affirmed the finding of the hearing referee. The MCAC concluded that *Helm v Univ of Mich*, 147 Mich App 135; 383 NW2d 131 (1985), required a finding that the hearing referee made an "implicit credibility finding." The MCAC stated that there was "no basis to disagree with the [referee]'s decision" and that "the [referee's] findings of fact accurately reflect the evidence introduced during the hearing." It further concluded that "[t]he [referee] properly applied the law to [the] facts."

Appellee then appealed to the circuit court, which concluded that the hearing referee and the MCAC erroneously applied the law. The court reversed the decision of the MCAC. ACN appeals from that decision. This Court reviews a circuit court's review of an agency decision to determine "whether the lower court applied correct legal principles and whether it misapprehended or grossly misapplied the substantial evidence test to the agency's factual findings." *Adams v West Ottawa Pub Sch*, 277 Mich App 461, 465; 746 NW2d 113 (2008) (citations and quotation marks omitted); see also MCL 421.38(1). This Court reviews for clear error a circuit court ruling concerning an administrative agency decision. *Bureau of Worker's & Unemployment Compensation v Detroit Med Ctr*, 267 Mich App 500, 504; 705 NW2d 524 (2005). For a finding of clear error, this Court must be left with the definite and firm conviction that a mistake has been made. *Id*.

The Michigan Employment Security Act (MESA), MCL 421.1 *et seq.*, serves a remedial purpose by providing benefits to persons who are involuntarily unemployed. *Korzowski v Pollack Indus*, 213 Mich App 223, 228-229; 539 NW2d 741 (1995). Although MESA is to be construed liberally, disqualification provisions are to be construed narrowly. *Id*. at 229.

> [A]n individual is disqualified from receiving benefits if he or she:
>
> (a) Left work voluntarily without good cause attributable to the employer or employing unit. An individual who left work is presumed to have left work voluntarily without good cause attributable to the employer or employing unit. . . . An individual claiming benefits under this act has the burden of proof to establish that he or she left work involuntarily or for good cause that was attributable to the employer or employing unit. . . . [MCL 421.29(1)(a).]

"A voluntary departure is an intentional act" and "connotes a choice between alternatives that ordinary persons would find reasonable." *McArthur v Borman's, Inc*, 200 Mich App 686, 690; 505 NW2d 32 (1993). If the "departure is voluntary, the claimant nonetheless may be eligible for benefits if departure was for 'good cause attributable to the employer.'" *Id*. Good cause exists "where an employer's actions would cause a reasonable, average, and otherwise qualified

worker to give up his or her employment." *Id*. at 693 (citation and quotation marks omitted). "A good personal reason does not equate with good cause under the statute." *Id*.

The hearing referee found that appellee "quit her job." The record reflects that appellee initiated the idea that she work from home on some days of the workweek. Barbara Williams, a co-owner of ACN, testified that a part-time position was created as an accommodation of appellee's request. Williams testified that she told appellee that the duties of the office manager position required someone who would be in the office and that the position remained open for appellee if she would work full-time there.

The hearing referee's conclusion that appellee declined employment was supported by the record. Williams testified that appellee rejected the offer of part-time employment and "said she was resigning." Given the evidence, the lower court clearly erred in application of the substantial evidence test.

The record likewise supports the hearing referee's conclusion that appellee "did not demonstrate good cause for leaving employment that is attributable to any employer actions." Although appellee alleged that the full-time position was not held open, Williams testified that it was always the plan to return appellee to her full-time position. Appellee was offered part-time work, but the record supports that this was because of appellee's request to not be in the office more than two days a week. She later rejected the part-time offer and resigned.

In sum, ACN took no actions that caused appellee to give up her position. It was appellee who chose not to accept work. Appellee may have had a good personal reason to resign, but that "does not equate with good cause under the statute." *Id*. at 693.

The lower court also found that the hearing referee "misapplied the law [by] comparing a different job that the claimant ultimately didn't take, which was not comparable, in my judgment, to the job that she had left . . . ." However, the hearing referee did not compare the part-time job to the full-time job or otherwise imply that the two jobs were comparable. Rather, the hearing referee simply analyzed whether appellee's decision to accept or reject work was voluntary and whether there was any cause attributable to the employer. In its findings of fact, the hearing referee specifically mentioned that the officer manager position required someone working in the office full time. As noted, Williams testified that the position had been held open for appellee; she additionally testified that appellee said "that she would only be willing to be in the office two days a week." In light of the record, we find no basis for reversal. The referee concluded that ACN attempted to accommodate appellee's apparent needs but that appellee rejected the offer of part-time employment.

Reversed. The decision of the MCAC is reinstated.

/s/ William B. Murphy
/s/ Patrick M. Meter
/s/ Deborah A. Servitto

-3-